**FULTON v STUMP et**

Ohio Appeals, 6th Dist, Wood Co

No 552-A. Decided June 11, 1934

Alva W. Bachman, Bowling Green, and Charles L. Foster, Bradner, for plaintiff.

L. D. Hill, Bowling Green, for defendants.

if the meaning of the language used in the note and mortgage might be said to be uncertain and ambiguous, then the written agreement would be proper evidence to explain the ambiguity. The agreement of January 1, 1926, provided that payment for the services was to be paid "out of the estate of James F. Stump at his death" and the note and mortgage provided that she was to be paid for the services to be performed by her "on or before 15 years after date" or, as stated in the mortgage, "before, if the grantor dies before that time". Taking the evidence in its entirety, we think it clearly appears that Mrs. Hiser had no knowledge of any intent to defraud, hinder or delay the creditors of her father and was not guilty of any actual fraud, and therefore, by virtue of the mortgage from her father to herself, she is entitled to have the next best and prior lien upon the premises described therein, after payment of costs and the taxes and assessments thereon, for the amount accruing for services performed by her to the date of the mortgage, viz: August 8, 1932. Were Mr. Stump still alive, she would be entitled only to the present worth of that sum based on his expectancy of life. He, however, being deceased, and the agreed amount for the services now being due and payable, she is entitled to the entire sum due and payable at the time of the death of Mr. Stump, of which sum, so much thereof as had accrued at the date of the mortgage is a lien as before stated on the property described therein, with interest thereon from March 20, 1934, until paid.

The judgments hereinbefore referred to of the aforesaid mentioned banks are the next best and prior lien on said mortgaged premises after the lien thereon of the amount herein found due said Gertrude Hiser.

Decree accordingly.

RICHARDS, WILLIAMS and LLOYD, JJ, concur.

## OPINION

PER CURIAM

The language used as to the consideration for the note and mortgage given by Stump to Mrs. Hiser, we think may equally as well refer to the services theretofore performed by her in accordance with the agreement of January 1st, 1926, as to the services to be performed thereafter until the maturity of the note and mortgage, or until the decease of her father; and the written agreement of Jan. 1st, 1926, was admissible in evidence for the purpose of showing the nature of the consideration, and